# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERTO MACIAS, et al.,

       Plaintiffs,

v.                                  No. 2:24-cv-799 MLG/KRS

QUADRATILLO HAMIDOV, et al.,

       Defendants.

## <u>JURISDICTIONAL ORDER</u>

This matter is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and have a duty to address the question of their subject matter *sua sponte* whenever it could be in doubt, even if the parties do not raise the question themselves. *See Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006); *Shields L. Grp., LLC v. Stueve Siegel Hanson LLP,* 95 F.4th 1251, 1279 (10th Cir. 2024); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000). This order is issued because the Court is currently unable to determine whether it has subject matter jurisdiction over the complaint.

Plaintiffs Robert Macias and Krystle Aranda filed a complaint for personal injury in state court against Defendants Dudratullo Hamidov, Derby Trucking, Inc., and Muzom Transportation Inc. Defendant Hamidov then removed the complaint to federal court alleging subject matter jurisdiction based on the diversity statute, 28 U.S.C. § 1332(a). To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties, and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Whether these requirements have been met "is determined with reference to the facts as they existed at the time of filing." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d

901, 905 (10th Cir. 2015) (internal quotation marks and citations omitted). The Notice of Removal alleges that the requirements for diversity jurisdiction are met because (1) all Plaintiffs are residents of El Paso County, Texas; (2) Defendant Hamidov is a foreign resident of Kings, County, New York; (3) Defendant Derby Trucking, Inc. is a resident of the State of Ohio; and (4) Defendant Muzom Transportation Inc., is a resident of the State of Illinois. (Doc. ¶¶ 7-10). The Notice of Removal further alleges that the amount in controversy requirement is satisfied because "Plaintiff Macias alleges that he has suffered significant injuries, including a traumatic brain injury, a rotator cuff injury that required surgery, and a spinal injury that may require a lumbar fusion operation," and that, "[u]pon information and belief, Plaintiff Macias may incur medical expenses in excess of $500,000.00." (*Id.* at 4).

In a case removed from state court, the removing defendant, as the party invoking federal court jurisdiction, bears the burden of pleading and ultimately proving the facts necessary for establishing the court's subject matter jurisdiction. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1013–14 (10th Cir. 2018); *see Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). As part of that burden, the removing defendant must overcome the presumption that exists against removal jurisdiction in general. *See Anderson v. XTO Energy, Inc.*, 341 F. Supp. 3d 1272, 1275 (D.N.M. 2018). "At the point of the filing of the notice of removal, … the defendant need only state the facts upon which jurisdiction is based." *McEntire v. Kmart Corp.*, 09-cv-567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010). But the existence of federal subject matter jurisdiction must be established on the face of the petition or notice of removal through allegations of *non-conclusory* facts. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Penteco*

*Corp. P'ship--1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). If the removing defendant is unable to affirmatively allege facts essential to a showing of federal subject matter jurisdiction, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c).

The Notice of Removal sufficiently alleges that the amount in controversy exceeds the $75,000 jurisdictional minimum.[1] But the Notice of Removal does not contain sufficient allegations to allow the Court to evaluate whether the complete diversity requirement has been met because the facts alleged do not show the citizenship of any of the parties.

### Citizenship of Plaintiffs Macias and Aranda and Defendant Hamidov

An individual's citizenship is determined by his or her domicile, which is defined as the place in which the party has a residence in fact with the intent to remain indefinitely. *McEntire,* 2010 WL 553443, at *3. "'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ((citations omitted)). The Notice of Removal alleges only the residence of the three individual parties. "[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). Defendant Hamidov must amend the Notice of Removal to properly allege the citizenship of the individual parties based on each one's domicile.

---

[1] The allegations in the Notice of Removal regarding the amount in controversy all relate to Plaintiff Macias. Nevertheless, the absence of any allegations regarding the amount in controversy as to Plaintiff Aranda does not prevent the Court from asserting subject matter jurisdiction over the case. *See De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1152 (D.N.M. 2015) ("[I]f a single plaintiff—regardless whether he or she is the only plaintiff who will share in the recovery—can recover over $75,000.00 from a single defendant—regardless whether the defendant has jointly liable co-defendants—then the court has original jurisdiction over the dispute between that plaintiff and that defendant. The court can then exercise supplemental jurisdiction over other claims and parties that form part of the same case or controversy under Article III[.]" (internal quotation marks and citations omitted)).

**<u>Citizenship of Defendants Derby Trucking, Inc. and Muzom Transportation Inc.</u>**

The Notice of Removal alleges that Derby Trucking, Inc.and Muzom Transportation Inc. are citizens of Ohio and Illinois respectively because they are "residents" of those states. In support, the Notice of Removal cites paragraphs 3 and 4 of the state court complaint, which allege that Derby Trucking, Inc. and Muzom Transportation are "foreign for-profit corporation[s]." (Doc. 1-1 ¶¶ 3-4). Corporations are considered citizens of both the state where they are incorporated and the state where their principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). Thus, the allegations in the complaint concerning the entity defendants being "foreign corporations" are insufficient to show their citizenship for purposes of the diversity statute. If the entity defendants are in fact corporations, the Notice of Removal would be required to *identify* both the state where each is incorporated and the state where each maintains its principal place of business. A conclusory allegation that the defendants in question are incorporated (or maintain their principal place of business) in "a foreign state" (which is more than the Notice of Removal even alleges here) would be insufficient. *See Simmons v. Rosenberg,* 572 F. Supp. 823, 825 (E.D.N.Y. 1983) (merely averring that a party is a citizen of a state other than New York is clearly insufficient to establish diversity jurisdiction).

But the problem with the Notice of Removal's allegations as to the entity defendants goes even beyond the above. At the time of removal, Defendants Derby Trucking, Inc. and Muzom Transportation, Inc. filed corporate disclosure statements asserting that they are limited liability companies. (Docs. 2, 3). The rule for determining the citizenship of a corporation does not apply to a limited liability company. *See Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990). Instead, a limited liability company ''takes the citizenship of all its members.'' *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1238 (10th Cir. 2015). Moreover, "[w]hen an entity is

composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."[2] Thus, Defendant Hamidov, as the removing defendant, must amend his jurisdictional allegations by properly alleging the citizenship of the entity defendants according to the above rules.

### Federal Rule of Civil Procedure 7.1(a)(2)

Federal Rule of Civil Procedure 7.1(a)(2) states the following:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> > (A) when the action is filed in or removed to federal court, and
> >
> > (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2).

The entity defendants' corporate disclosure statements do not comply with Rule 7.1(a)(2). Accordingly, prior to Defendant Hamidov being required to amend the jurisdictional allegations in the Notice of Removal, the entity defendants will be required to file amended corporate disclosure statements which identify the members of the limited liability company and their citizenships, drilling down through each layer of ownership if any member is itself a limited

---

[2] *Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008) (noting defendants' acknowledgment "that the weight of authority generally requires them to drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation that, collectively, comprise Strategic Real Estate Investors, LLC"); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, Civil Action No. 06–88–A, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be ....")).

liability or other entity for which citizenship is determined by the citizenship of its component members.

In conclusion, a notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *Hendrix v. New Amsterdam Casualty Co*., 390 F.2d 299, 300 (10th Cir. 1968). Technical defects, however, may be cured by amendment of the notice. *See id.* at 300-02 (permitting amendment of notice of removal to allege principal place of business of defendant and citizenship, rather than mere residence, of plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 (Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.). Accordingly, the Court will give Defendant Hamidov the opportunity to amend the Notice of Removal by adding allegations showing the citizenship of each of the parties, as set forth above.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that on or before **February 10, 2025**, Defendants Derby Trucking, Inc. and Muzom Transportation Inc. shall each file an amended corporate disclosure statement complying with Fed. R. Civ. P. 7.1(a)(2).

**IT IS FURTHER ORDERED** that on or before **February 17, 2025,** Defendant Hamidov must file an amended Notice of Removal that properly alleges all of the elements for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if such an amended Notice of Removal is not filed by February 17, 2025, the Court may recommend to the presiding trial judge that the case be remanded to state court.

IT IS SO ORDERED this 3rd day of February, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE