IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERTO MACIAS; and KRYSTLE
FAITH ARANDA,

      Plaintiffs,

v.                                                                                                                     No. 2:24-cv-799 MLG/KRS

QUADRATILLO HAMIDOV; DERBY
TRUCKING, INC.; and MUZOM
TRANSPORTATION INC.,

      Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court sua sponte. On February 3, 2025, the Court entered a Jurisdictional Order directing Defendants Derby Trucking Inc. and Muzom Transportation Inc. to file amended corporate disclosure statements that comply with Fed. R. Civ. P. 7.1(a)(2). (Doc. 31 at 5). On February 10, 2025, Defendants Derby Trucking Inc. and Muzom Transportation Inc. each filed a Rule 7.1 Corporate Disclosure Statement (Docs. 41, 42), but those recently filed Statements merely repeat the information already provided in the Rule 7.1 Corporate Disclosure Statements previously filed by these two defendants (Docs. 2, 3). As explained in the Court's Jurisdictional Order, the information provided in the previously filed Rule 7.1 Statements (and now repeated in the recently filed Statements) is inadequate to satisfy the requirements of subsection (a)(2) Federal Rule of Civil Procedure 7.1.

Until recently, Rule 7.1 only required disclosure of information needed for judges to determine if they have a conflict of interest. *See* Fed. R. Civ. P. 7.1(a)(1) (requiring a nongovernmental corporate party to identify "any parent corporation and any publicly held corporation owning 10% or more of its stock"). Effective, December 1, 2022, however, the rule

was amended to *also* require that when a case that is in federal court because of diversity jurisdiction is filed or removed, each "party or intervenor" must file a disclosure statement that provides the "name—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2). The disclosure statement must be filed with a party's first appearance or filing addressed to the Court, and is mandatory "unless the court orders otherwise." *Id.*

The Corporate Disclosure Statements filed by Defendants Derby Trucking Inc. and Muzom Transportation Inc. on August 9, 2024 (the same date on which Defendant Hamidov removed this action to federal court[1]), state that both defendants are "limited liability corporations" and that "[t]he stock of [each of those Defendants] is not publicly traded." (Docs. 2, 3). The same information is repeated in the Corporate Disclosure Statements filed by Defendants Derby Trucking Inc. and Muzom Transportation Inc. on February 10, 2025 (Docs. 41, 42), presumably in response to the Court's Jurisdictional Order entered on February 3, 2025 (Doc. 31). While the information provided in said Corporate Disclosure Statements might satisfy subsection (a)(1) of Rule 7.1, it does not satisfy subsection (a)(2) of Rule 7.1. Either the Defendants in question are corporations, which are owned by their stockholders, or they are limited liability companies, which are owned by their members.[2] If Defendants Derby Trucking Inc. and Muzom Transportation Inc.

---

[1] The Notice of Removal was filed in the name of Defendant Hamidov only, omitting the names of the two business entity defendants apparently because they were not served while the case was pending in state court. *See* (Doc. 1 at 1-2). All three defendants, however, are represented by the same counsel.

[2] *Compare* COMPANY, BLACKS LAW DICTIONARY (12th ed. 2024) ("…. **limited-liability company** (1856) A statutorily authorized business entity that is characterized by limited liability for and management by its members and managers ….") *with* CORPORATION, BLACK'S LAW DICTIONARY (12th ed. 2024) (" … An entity (usu. a business) having authority under law to act as a single person distinct from the shareholders who own it and having rights to issue stock and exist indefinitely ….").

are corporations, then, for purposes of subsection (a)(2) of Rule 7.1, each would need to state its place of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1) (corporations are considered citizens of both the state where they are incorporated and the state where their principal place of business is located). But if those Defendants are limited liability companies instead, then they are considered citizens of every state where their members are citizens. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.,* 781 F.3d 1233, 1234 (10th Cir. 2015). And, for purposes of subsection (a)(2) of Rule 7.1, the citizenship of all members must be disclosed, which means that, if any of those members are also unincorporated entities, each of their members must be disclosed along with information sufficient to identify each member's citizenship, and on ad infinitum, or at least until the chain of ownership reaches a corporation or individual.

The Court's Jurisdictional Order instructed Defendants Derby Trucking Inc. and Muzom Transportation Inc. that, because they have stated that they are limited liability companies, Rule 7.1(a)(2) requires them to file Corporate Disclosure Statements that not only identify by name and citizenship each of their members, but also traces down through their sub-parties to determine the names and citizenship of all their members. Defendants Derby Trucking Inc. and Muzom Transportation Inc. filed Corporate Disclosure Statements in response to the Court's order that failed to follow those instructions.

**ACCORDINGLY**, **IT IS ORDERED THAT** this matter is set for a telephonic hearing on **February 25, 2025 at 11:00 a.m.,** at which time Defendants Derby Trucking Inc. and Muzom Transportation Inc. must **SHOW CAUSE** as to why they have not complied with the Court's Jurisdictional Order to file corporate disclosure statements that satisfy the requirements of subsection (a)(2) of Federal Rule of Civil Procedure 7.1, and Defendant Qudratullo Hamidov must **SHOW CAUSE** as to why the Court should not recommend to the presiding trial judge that the

case be remanded to the Twelfth Judicial District Court, County of Lincoln, State of New Mexico, for lack of diversity jurisdiction. The parties shall dial **855-244-8681** and enter Meeting Code **2300 989 9447#** to join the proceedings.

**IT IS FURTHER ORDERED** that the February 17, 2025 deadline set forth in the Court's previous Jurisdictional Order for Defendant Hamidov to file an amended Notice of Removal that properly alleges all of the elements for diversity jurisdiction is vacated until such time as Defendants Derby Trucking Inc. and Muzom Transportation either file Rule 7.1 statements that comply with this and the Court's previous jurisdictional order, or are excused by the Court from complying with said requirements. Should Defendants Derby Trucking Inc. and Muzom Transportation at any time file Rule 7.1 statements that comply with the Court's orders, Defendant Hamidov is ordered to file amended jurisdictional allegations within ten (10) days thereafter.

IT IS SO ORDERED this 11th day of February, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE